RACHEL STRUNK *v.* G. G. MANNEY.

[Abstract Kentucky Law Reporter, Vol. 7—218.]

**Conveyance by Married Woman.**

A married woman must acknowledge the conveyance to pass her estate and this must appear from the certificate of acknowledgment, and where the husband conveys as the grantor and she only acknowledges it as to a certain interest or to a certain extent, it is only effective to that extent.

APPEAL FROM WHITLEY CIRCUIT COURT.

September 15, 1885.

OPINION BY JUDGE HOLT:

By his will, dated November 6, 1884, John C. Moore, provided among other things as follows: "I hereby authorize and empower my executor to make deed and pass title to the wife and children of Hugh Strunk for the land for which they hold bond on me, and to make them in accordance with said bond."

The testator being dead, the appellant, Rachel Strunk, who is the wife of Hugh Strunk, brought this action against the executor

of John C. Moore, and the appellee, Manney, to whom said Hugh Strunk had conveyed the land in contest, the latter having obtained a deed to it from said executor, to compel a conveyance of it to her and her children and to recover back rents from Manney.

At least three defenses were interposed. One was, that the appellant induced the executor to convey to him, and that she did not then assert any claim to the land; also that she had subsequently encouraged Manney to buy the land of her husband and was by such conduct now estopped from claiming it.

Another was, that she had united with her husband in the deed to Manney; that she was named as a party in the premises of the deed; that it contained apt words of grant as to her; that she, together with her husband, had signed and acknowledged it; and thereby, even if it was her land, that it had passed from her, although the recitation in the certificate was:

"The said Rachel Strunk was examined by me separate and apart from the said Hugh R. Strunk, her husband, and the contents of the deed was fully made known to her. She declared that she did freely and voluntarily, and as her act and deed, relinquish all her right of dower in the said lands hereby conveyed."

A third one was that the title bonds for the land were given to and in the name of her husband; and that aside from a potential right of dower she never had any interest in the land.

Owing to the conclusion we have reached as to this last defense, it is unnecessary to decide whether the doctrine of estoppel applies to a married woman where she fails to claim in opposition to her husband under circumstances as presented. If she had been the owner of the land, the certificate to the deed to Manney would have been sufficient to pass her right to it. As the last question, however, has been discussed by counsel at length, it may be proper to say that a married woman must acknowledge the conveyance to pass her estate; that this must appear from the certificate of acknowledgment; and if it, in a case where the husband appears as a grantor, shows that she only acknowledged it as to a certain interest or to a certain extent then it is only effective to that extent. The case of *Beverly v. Noel,* 4 Ky. Law 985, 12 Ky. Opin. 120, does not hold otherwise. In that case it was stated at the close of the deed, and not in the certificate, that the female grantor relinquished her right of dower; when in fact she was the owner of the land,

and it was apparent from the instrument, which was properly acknowledged, that she intended to convey the inheritance.

If the wife upon examination relinquishes her potential right of dower only, then her inheritance will not pass.

The appellant alleges in her petition that her father, John C. Moore, sold her the land. In another pleading she says he gave it to her. It formerly consisted of three portions, all of it, however, at one time belonged to him. He sold one portion to his son, James H. Moore, by title bond, which the latter subsequently assigned to Hugh Strunk. He sold another portion to another son, John G. Moore, by like bond, and the latter thereafter assigned it to said Strunk. The history of the other portion is not so clearly shown by the testimony; but we infer from all of it that John C. Moore first sold it to said Strunk and gave him a title bond for it, in which either one or two of the sons of the latter were also beneficiaries; and it appears that thereafter he took this bond and the one he had obtained from John G. Moore to the grantor and procured from him in lieu of them one bond in his name alone covering both interests.

When this state of case was presented by the answer the appellant responded that her brother had never paid their father anything for the land, but that he had given it to them, and they, wishing to remove from it, and having improved it some, their father got her husband to buy out their improvements under a promise to him that if he would do so that he would convey the land and the other portion to her, and that the bond her husband subsequently obtained from her father was procured by fraud; and that when he discovered this he "called in" the bond and gave one to her for the entire land. She does not state in what the fraud consisted, nor does she file the bond, which she alleges was given to her, but says that it has been lost. She does not support her statement by any testimony save her own, and it is not of a convincing character. Moreover, the last bond given to her husband by her father was presented by the present owner, the appellee, Manney, and filed by him with his answer; and the executor testifies that when he made the deed, he took in from the bond that had been assigned to him by James H. Moore and it has been lost. It clearly appears that the two sons purchased the portions of land held by them of their father; and admitting that he gave the appellant a title bond, he

had no right to embrace in it the land he had previously sold to his two sons. It is improbable that he did; and in view of the testimony such an act can not be fairly imputed to him, and this casts suspicion upon appellant's entire claim, which is supported alone by her testimony, inasmuch as the clause in the will of her father can not be considered as testimony as against a purchaser of the land from him. It matters not whether the executor had the power or not to convey to the appellant's husband; or whether the deed to him is valid, as the appellant must recover, if at all, upon the strength of her own title. The fact that the deed to the present owner only purported to convey her dower interest and that she so acknowledged it tends strongly to show that she did not own the land.

She is shown to have repeatedly spoken of the sale to him and it is not shown that she ever claimed the land until this suit was brought, a period of about twelve years after the conveyance to the appellee, Manney, and the payment of the purchase-money by him.

The court below doubtless reached the conclusion that the land never belonged to her and we do not feel authorized to disturb it.

Judgment *affirmed.*

*C. W. Lester,* for appellants.

*Jno. Dishman, Hill & Johnson,* for appellees.

[Cited, *Breeding v. Tobin,* 13 Ky. L. 843, 18 S. W. 773.]